IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHEL VASQUEZ, individually
and as Personal Representative
of the ESTATE OF ANDREW VASQUEZ,
deceased, and JUEVENAL ESCOBEDO,

      Plaintiffs,

vs.                                                                               Civ. No. 14-1088 MCA/SCY

AMERICAN CASUALTY CO. OF
READING, PENNSYLVANIA,

      Defendant.

## ORDER

This matter comes before upon Defendant's First Motion to Dismiss. [Doc. 16] The Court has considered the written submissions of the parties, the record in this case and the applicable law, and is otherwise fully advised.

**Standards Governing a Rule 12(b)(6) Motion to Dismiss**

Fed. Civ. P. Rule 8(a)(2) requires a complaint to set out "a short and plain statement of the claim showing that the pleader is entitled to relief."  For decades, Rule 12(b)(6) motions were governed by a test taken from *Conley v. Gibson*, 355 U.S. 41 (1957). In *Bell Atlantic Corporation v. Twombly*,  550 U.S. 544 (2007), the Supreme

1

Court retired *Conley*'s test, replacing it with the following test: "to withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570). In applying this test, a court accepts as true "all plausible, non-conclusory, and non-speculative" facts alleged in the plaintiff's complaint,. *Shrader v. A1 Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011); provided, that "the tenet that a court must accept as true all of the allegations contained in a complaint is in applicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In short, in ruling on a Rule 12(b)(6) motion, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Collins*, 656 F.3d at 1214.

**Background**

Andrew Vasquez was employed by Coronado Wrecking & Salvage Co. In the course of his employment, he suffered fatal injuries, allegedly due to a co-worker's negligence in operating a forklift. Coronado's workers' compensation carrier paid benefits to Vasquez' estate. The estate also recovered uninsured/underinsured benefits under Vasquez' personal automobile policy. Coronado's automobile liability insurer, Defendant American Casualty Co., has denied the estate's claim for UM/UIM benefits under Coronado's automobile policy.

**Discussion**

The question presented by Defendant's motion is the purely legal question of whether New Mexico law permits a worker injured by a co-worker operating a motor vehicle to recover under the employer's underinsured motorist coverage. As explained below, the Court concludes that New Mexico recognizes this type of claim.

The Court begins with NMSA1978, § 52-5-17(C), which provides as follows:

> The worker or his legal representative may retain any compensation due under the uninsured motorist coverage provided in Section 66-5-301 NMSA 1978 if the worker paid the premium for that coverage. *If the employer paid the premium, the worker or his legal representative may not retain any compensation due under Section 66-5-301 NMSA 1978 and that amount shall be due to the employer. . . . .*

(Emphasis added). The italicized language has been interpreted to mean something quite different than what the plain language suggests. In *Draper v. Mountain States Mutual Casualty Co.*, 116 N.M. 775 (1994), the New Mexico Supreme Court, departing from the plain meaning of the language enacted by the Legislature, held that "[s]ection 52-5-17(C) does not preclude an employee from retaining the difference between uninsured motorist benefits and workers' compensation benefits, notwithstanding that the employer has paid the premiums for each coverage." *Id.* at 778. Significantly, the Supreme Court found no merit to the insurer's argument that the employee was indirectly suing the employer in violation of the Workers' Compensation Act. *Id.* In view of § 52-5-17(C) as interpreted in *Draper*, there can be no question that the Legislature has created an UM/UIM exception to the exclusivity provision of the WCA, NMSA 1978, § 52-1-9.

*Draper* is distinguishable from the present case in one noteworthy circumstance. In *Draper*, the allegedly uninsured motorist was not a co-worker. The Court must decide

3

whether this circumstances materially distinguishes the present case from *Draper*. A little background places *Draper* in context.  In 1987, the New Mexico Supreme Court decided *Continental Insurance Co. v. Fahey*, 106 N.M. 603(1987).  In *Fahey*, the New Mexico Supreme Court held that an injured worker could recover both workers' compensation benefits and uninsured motorist benefits from the employer's insurer, which provided both workers' compensation and automobile insurance to the employer.  Subsequently, in 1990, and in response to *Fahey*, the Legislature enacted subsection 52-5-17(C). *Chavez v. S.E.D. Laboratories*, 129 N.M. 794, 797 (2000).  Subsection (C) abrogated *Fahey* to the extent that *Fahey* allowed the injured worker to retain both workers' compensation benefits and uninsured motorist benefits without any offset to the employer where the employer purchased the uninsured motorist coverage.  But Subsection (C) does not address *Fahey*'s holding that the injured worker was entitled to uninsured motorist benefits to make him whole.  Thus, the Court concludes that *Fahey*'s holding that an injured worker may recover uninsured motorist benefits from insurance paid for by his employer is still good law.  Subsection (C) as interpreted in *Draper* modified *Fahey* only to the extent of recognizing an employer's statutory right to reimbursement of workers' compensation benefits when the employee receives a full recovery under the employer's uninsured motorist coverage.

       The Court has considered *State Farm Automobile Insurance Co. v. Ovitz*, 117 N.M. 547 (1994) and *Boradiansky v. State Farm Mutual Automobile Insurance Co.*, 141 N.M. 387 (2007), the principal cases relied on by the parties.  Given that neither of these cases

addresses the interaction of the WCA and the UMA, the Court finds them of only marginal assistance.

**WHEREFORE, IT HEREBY IS ORDERED** that Defendant's First Motion to Dismiss [Doc. 16] is **denied**.

So ordered this 15th day of May, 2015.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge