IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHAEL VASQUEZ, individually
and as personal representative of
ESTATE OF ANDREW VASQUEZ, deceased,
and JUVENAL EXCOBEDO,

       Plaintiff,

v.                                                  No. 1:14-CV-01088-MCA-LF

AMERICAN CASUALTY CO. OF READING, PA,

       Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL

THIS MATTER comes before the Court on defendant American Casualty Company's Motion to Compel (Doc. 71). American Casualty seeks to compel plaintiffs to answer three requests for admission (RFAs), and to produce documents in response to one of its requests for production. Plaintiffs objected to the three RFAs as improperly calling for legal conclusions. *See* Doc. 71 at 2–3; Doc. 76 at 1–2. They did agree, however, to produce documents in response to the single request for production to which they originally had objected. Doc. 76 at 3; Doc. 78 at 1. Therefore, only the three RFAs remain at issue.

### Federal Rule of Civil Procedure 36

Pursuant to Rule 36(a)(1)(A), "[a] party may serve upon any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either." The responding party may specifically admit, deny, or qualify an answer. Fed. R. Civ. P. 36(4). Absent court permission to withdraw or amend, admissions are binding on a party in the pending action. Fed. R. Civ. P. 36(b). Rule 36 also allows parties to object to a request for admission so long as the grounds for objection are

stated.  Fed. R. Civ. P. 36(5).  If an objection is justified, the party is not required to admit or deny the truth of the matter.  *See* Fed. R. Civ. P. 36(6).

Although Rule 36 permits "the application of law to fact," a request for admission that seeks the truth of a legal conclusion is properly objectionable.  *Utley v. Wray*, 2007 WL 2703094, *3 (D. Kan. September 14, 2007) (citing *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006)).  Thus, it still is "inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts."  *Disability Rights Council*, 234 F.R.D. at 3.  As is obvious from the many cases addressing this subject, "the distinction between the application of law to fact and a legal conclusion is not always easy to draw."  *Benson Tower Condominium Owners Ass'n v. Victaulic Co.*, 105 F. Supp. 3d 1184, 1196 (D. Ore. 2015) (internal quotation marks omitted).

### 1. Request for Admission 1

In RFA 1, American Casualty asks plaintiffs to "[a]dmit Coronado Wrecking & Salvage Company, Inc. was in compliance with the Worker's Compensation Act's provisions regarding insurance on July 20, 2012."  *See* Doc. 71 at 2.  This request is similar to the RFA that the court found objectionable in *Reichenbach v. City of Columbus*, 2006 WL 143552, *2 (S.D. Ohio Jan. 19, 2006).  In *Reichenbach*, the plaintiffs asked defendants to admit that a particular curb ramp was "not compliant with current federal accessibility design standards."  *Id.*  The court found that this request sought only a legal conclusion and therefore was objectionable.  *Id.*  The same is true with respect to American Casualty's RFA 1.  Whether Coronado Wrecking was in compliance with the insurance provisions of the Worker's Compensation Act on a particular day is purely a legal question that is not the proper subject of a request for admission.

2.  **Requests for Admission 4 and 5**

RFA 4 asked plaintiffs to admit that

> Andrew Vasquez was not a Class 1 insured, and therefore Plaintiff is not entitled to stack uninsured/underinsured motorist benefits, under the Business Auto insurance policy issued by American Casualty Company of Reading, PA to Coronado Wrecking and Salvage Company, Inc. that is the subject of this lawsuit.

RFA 5 asked plaintiffs to

> [a]dmit that if uninsured/underinsured motorist coverage is available to Plaintiff under the Business Auto insurance policy issued by American Casualty Company of Reading, PA to Coronado Wrecking & Salvage Company, Inc., the limit of that coverage available to Plaintiff is $1 million.

Both these RFAs ask plaintiffs to interpret the insurance policy that is at issue in this case. But the interpretation and construction of an insurance policy are questions of law. *See United Nuclear Corp. v. Allstate Ins. Co.*, 2012-NMSC-032, 285 P.3d 644, 647 ("the interpretation of terms within an insurance policy is a matter of law about which the court has the final word, . . . and is subject to de novo review") (internal quotation marks and citations omitted). Although American Casualty nominally tied RFAs 4 and 5 to the facts of the case, they essentially are seeking the admission of legal conclusions. Rather than asking plaintiffs to admit to facts which might lead to the conclusion that Andrew Vasquez was not a Class 1 insured, RFA 4 simply seeks the admission of the legal conclusion that Andrew Vasquez was not a Class 1 insured, which is a key legal dispute in the case. *See* Doc. 1-1 at 4, ¶ 17. Likewise, RFA 5 asks plaintiffs to admit to a policy limit which again is at the heart of the parties' legal dispute in this case.

**IT IS THEREFORE ORDERED** that defendant American Casualty's motion to compel plaintiffs to respond to RFAs 1, 4 and 5 is DENIED. The Court further DENIES American

Casualty's motion to compel the production of documents in response to its Request No. 16 as moot; plaintiffs have agreed to produce documents in response to that request.

_____
Laura Fashing
United States Magistrate Judge